IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES SIMPSON,**<br><br>Petitioner,<br><br>v.<br><br>**THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Respondent. | Case No. 1:14-cv-00974 MJS (HC)<br><br>**ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING REQUEST FOR INJUNCTIVE RELIEF**<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION**<br><br>**(Docs. 1-2)** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition and a request of injuctive relief on June 23, 2014. (ECF Nos. 1-2.)

**DISCUSSION**

Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..." Rule 2 of the Rules Governing 2254 Cases. Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge." Id. at 2(d).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

Here, Petitioner has not used the standard form petition, nor has Petitioner stated the grounds for relief and the facts supporting such grounds. Instead, Petitioner requests that his conviction be vacated, that he be released from custody, and that he be provided monetary compensation.[1] Petitioner's present filings are not sufficiently plead to provide Respondent proper notice of his claims. Accordingly, the Court will grant Petitioner leave to file an amended petition to state his claims for relief in further detail.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  June 30, 2014                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] It is noted that in his request for injunctive relief, Petitioner also requests relief regarding the conditions of his confinement (i.e., issues arising from the delivery of his mail, requests to have prison personnel fired, and cell lighting). Such issues are not cognizable by way of a petition for writ of habeas corpus. Furthermore, Petitioner cannot seek monetary relief in a habeas petition.

2