IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES SIMPSON,**<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>　　　　　　　　　Respondent. | Case No. 1:14-cv-00974 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO FOLLOW COURT ORDER**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the petition on June 23, 2014. On July 1, 2014, the Court issued an order explaining that Petitioner had not sufficiently pled claims in his petition. (ECF No. 5.) The Court gave Petitioner leave to file an amended petition within thirty (30) days of the date of service of the order. (Id.) Petitioner did not file an amended petition. On August 14, 2014, the Court issued an Order to Show Cause why the petition should not be dismissed for failure to comply with a court order. (ECF No. 7.)

　　　　Petitioner filed a response to the order to show cause on September 2, 2014. (ECF No. 8.) In his response, Petitioner asserts that Court error in using the term

1

'Plaintiff' rather than 'Petitioner,' and the term 'Defendant' rather than 'Respondent,' in the Court's August 14, 2014 order to show cause (ECF No. 7) created confusion and militates against dismissal. The Court disagrees.  The order was sufficiently clear to put Petitioner on notice that by September 15, 2014 he had to file an amended petition or otherwise show cause why the matter should not be dismissed. Regardless, Petitioner had been ordered by the Court on July 1, 2014 to file an amended petition. He did not comply with that Order. His failure to file an amended petition, or provide a reasonable justification of why he could not file one, is grounds for dismissal.

**I.      DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondent; (4) the public policy

1 favoring disposition of cases on their merits; and (5) the availability of less drastic
2 alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at
3 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

4 In the instant case, the Court finds that the public's interest in expeditiously
5 resolving this litigation and the Court's interest in managing the docket weigh in favor of
6 dismissal because it does not appear that Petitioner has made a good faith effort to
7 prosecute this matter. The third factor, risk of prejudice to respondent, also weighs in
8 favor of dismissal because a presumption of injury arises from any unreasonable delay
9 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
10 fourth factor, public policy favoring disposition of cases on their merits, is greatly
11 outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that
12 his failure to obey the court's order will result in dismissal satisfies the "consideration of
13 alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33;
14 Henderson, 779 F.2d at 1424. Here, the Court's order was clear that dismissal would
15 result from non-compliance with the order. (See ECF No. 7 ["[F]ailure to follow this order
16 will result in dismissal of the petition pursuant to Local Rule 110."].)

17 **II.    RECOMMENDATION**

18 Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED
19 for Petitioner's failure to comply with a court order. Further, the Court ORDERS the Clerk
20 of Court to assign a District Court Judge to the present matter.

21 This Findings and Recommendation is submitted to the assigned United States
22 District Court Judge, pursuant to the provisions of Title 28 of the United States Code
23 section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, any party
24 may file written objections with the court and serve a copy on all parties. Such a
25 document should be captioned "Objections to Magistrate Judge's Findings and
26 Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to
27 Title 28 of the United States Code section 636(b)(1)(C). Finally, Petitioner is advised that
28

1 | failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 29, 2014          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE