IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES SIMPSON,**<br><br>Petitioner,<br><br>v.<br><br>**PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Respondent. | 1:14-cv-00974 LJO MJS HC<br><br>**ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF**<br><br>**[Docs. 2, 12]** |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner filed the instant petition for writ of habeas corpus on June 23, 2014. (Pet., ECF No. 1.) On November 26, 2014 this Court dismissed the petition based on Petitioner's failure to follow court orders. (ECF No. 10.)

    On June 23 and December 8, 2014, respectively, Petitioner filed separate motions for injunctive relief requesting release from custody, monetary damages, and other relief. (ECF Nos. 2, 12.)

    Rule 65(a) of the Federal Rules of Civil Procedure allows the Court to issue a preliminary injunction. The Court can issue a temporary restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of

1

1 irreparable injury, or (2) the existence of serious questions going to the merits and the
2 balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v.
3 Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple
4 Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984).  The two
5 formulations represent two points on a sliding scale with the focal point being the degree
6 of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either
7 formulation of the test, plaintiff must demonstrate that there exists a significant threat of
8 irreparable injury." Id.  In the absence of a significant showing of irreparable injury, the
9 Court need not reach the issue of likelihood of success on the merits. Id.

To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987.)

As Petitioner has not taken appropriate actions to proceed in this litigation, and the court has dismissed the matter for not following court orders, there is no action currently pending in which to seek relief. Petitioner has failed to meet his burden demonstrating entitlement to injunctive relief.

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motions for injunctive relief are DENIED.

IT IS SO ORDERED.

Dated:   December 15, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE